**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREELANCER INTERNATIONAL PTY LIMITED; FREELANCER TECHNOLOGY PTY LIMITED, | No. 20-17196 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-06132-SI |
| v. | MEMORANDUM[*] |
| UPWORK GLOBAL, INC.; UPWORK INC., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 17, 2021[**]
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

Plaintiffs-Appellants Freelancer Technology Pty Limited and Freelancer

International Pty Limited (collectively, Freelancer.com) appeal the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion for a preliminary injunction relating to alleged infringement of the "FREELANCER" trademark by Defendants-Appellees Upwork Inc. and Upwork Global, Inc. (collectively, Upwork). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1292(a).

To obtain a preliminary injunction, Freelancer.com must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of the equities favors injunctive relief; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We review a district court's decision to deny a preliminary injunction for an abuse of discretion—and that review is "limited and deferential." *Harris v. Bd. of Supervisors, L.A. Cty.*, 366 F.3d 754, 760 (9th Cir. 2004) (citations omitted). We do not review the underlying merits of the case and "our 'inquiry is at an end' once we determine that 'the district court employed the appropriate legal standards which govern the issuance of a preliminary injunction, and . . . correctly apprehended the law with respect to the underlying issues in litigation.'" *Id.* (citations omitted).

1.	The district court did not abuse its discretion by concluding that Freelancer.com could not carry its burden to show likely success on the merits of its trademark infringement claim because it could not refute Upwork's fair use defense. The fair use defense applies where a defendant's alleged infringing use of plaintiff's

mark "is a use, otherwise than as a mark . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b)(4). The district court conducted the proper analysis and did not clearly err in its factual findings supporting its conclusion that Upwork does not use the term "freelancer" as a mark. Instead, the district court found that Upwork uses the descriptive term "freelancer" in good faith to describe its users and to distinguish its mobile application for its freelance users (Upwork for Freelancers) from its application for its client users (Upwork for Clients)—both of which are accompanied by Upwork's house mark and branding. These findings were supported by the record and not clearly erroneous.

2.    The district court also did not abuse its discretion by concluding Freelancer.com is unlikely to succeed on the merits of its counterfeiting claim because it failed to show that Upwork's mark is identical or substantially indistinguishable from Freelancer.com's registered mark. 15 U.S.C. §§ 1127, 1116(d). The district court conducted the proper legal analysis by considering "the product as a whole," and its conclusion that Freelancer.com is unlikely to succeed on its counterfeiting claim is supported by the record because the products are dissimilar and each company has its own distinct and original app, logo, and branding. *See Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1080 (9th Cir. 2020).

3

3. The district court also did not abuse its discretion by concluding that Freelancer.com failed to show a likelihood of irreparable harm because it failed to submit evidence of actual or likely irreparable harm. To obtain a preliminary injunction, Freelancer.com must "demonstrate that irreparable injury is *likely*" and not merely "a possibility." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (quoting *Winter*, 555 U.S. at 22) (internal quotation marks omitted). A finding of likely irreparable harm cannot be based on "unsupported and conclusory statements regarding harm"—it must be based on "factual findings." *Id.* at 1250.

Freelancer.com argues the district court applied the wrong legal standard by improperly requiring that Freelancer.com show "actual" harm. Instead, however, the district court properly analyzed whether Freelancer.com was "likely to suffer irreparable harm" and found no evidence to suggest that standard was satisfied. While a loss of goodwill and prospective customers may support a finding of the possibility of irreparable harm, the district court properly found that Freelancer.com presented no evidence of actual losses and failed to establish that it is likely to suffer irreparable harm in the future.

**AFFIRMED.**

4